No. 22,525.

SAM GOLDSTEIN, *Appellant*, v. WILEY SALISBURY, *Appellee*.

SYLLABUS BY THE COURT.

SALE OF HORSE—*Breach of Warranty—Evidence—Passion and Prejudice of Jury*. In an action for the price of property sold it is held that the evidence was sufficient to support findings of the making, reliance upon and breach of a warranty, and that the contention that the verdict was influenced by passion and prejudice is not sustained.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed November 6, 1920. Affirmed.

*W. S. Hyatt, E. L. Burton*, and *Paul MacCaskill*, all of Parsons, for the appellant.

*C. J. Taylor*, of Parsons, for the appellee.

The opinion of the court was delivered by

MASON, J.: Sam Goldstein sued Wiley Salisbury on a note given for a mare. Salisbury defended on the ground of the breach of a warranty that she would work anywhere except that she would not drive single. Judgment was rendered for the defendant and the plaintiff appeals.

Goldstein v. Salisbury.

The plaintiff contends that there was no evidence of either the making of the warranty or its breach if it was made; that it was conclusively shown that the defendant did not rely on the warranty; and that the verdict was given under the influence of passion and prejudice.

The defendant gave this testimony, which we consider abundant to support a finding that the guaranty was made:

"I told him (the plaintiff) over the phone that I would buy the mare but I wanted something gentle that my boy who was fifteen years old could work. He said 'I will guarantee her anywhere except single,' and I said 'If you will guarantee her and will take my note for six months I will take the mare,' and he says 'if the bank says you are good you can have her.' . . . I then said to him 'Now this mare is good to work or you can take this note back. You will have to fill the guarantee or take the note back.' I then said to him, 'If this mare don't work you take the note' and he said 'all right. If she don't work good I will give you your money back.'"

The defendant further gave the following testimony which we regard as sufficient to sustain a finding of the breach of warranty:

"I went home and the next day I caught the mare and hitched her to a harrow. I put her on the right side and took the lines myself, and she made a lunge about 16 feet high and came back on the harrow. We got her out and straightened around and couldn't get her started and she turned her head and throwed herself twice and we couldn't get her started. I went to the phone and called Mr. Goldstein and said to him, 'The mare won't work.' And he asked me where I hitched her and I said to a harrow. And he said, 'Don't hitch her to a harrow, hitch her to a wagon on the left side.' I said, 'all right I will try that.' The next morning I hitched her to a wagon on the left side. I hit the horse and she wouldn't start and she reared up and got her feet over the tongue and I got down and got her foot off and it was the same thing over, except she didn't get her feet, I mean over the neck yoke. So I unhitched her and put her in the barn. I called Goldstein right away and told him 'She won't work, I don't want the mare at all. She is not worth her hide to me. What do you want me to do with her?' He said, 'Put her in the pasture where you got her and I will come out Sunday and work her.' I took the mare and put her in the pasture where he told me to. That was Wednesday. On Saturday following that, Goldstein phoned me he wasn't coming out Sunday, he said, 'You bought that mare and you got to keep her.'"

It is of course immaterial for present purposes that the evidence of the defendant was contradicted by that of the plain-

tiff, the credibility of the witnesses being a matter for the determination of the jury and the trial court.

The contention that it was conclusively shown that the defendant did not rely upon the warranty is based upon the circumstance that he testified to having said to a third person that he did not have any confidence in the plaintiff, the conversation referring to a promise of the latter to pay him a commission for the sale of another horse. The fact that the defendant said he had no confidence in the plaintiff does not necessarily prove that he would place no reliance whatever upon his agreement. He may have been indulg'ng in hyperbole, as he doubtless was when he testified that the mare lunged about sixteen feet high. In order to enforce the guaranty he need not have had absolute confidence in it and relied solely upon it; his insistence to the plaintiff that he would not buy the mare without it was some evidence that he regarded it as a part of the inducement to the trade.

The specifications in support of the contention that the jury was influenced by passion and prejudice really amount to an argument that the verdict was against the weight of the evidence.

The judgment is affirmed.